# Preferred Accident Insurance Co. *v.* Gray.

*Action on an Accident Insurance Policy.*

1. *Action on accident insurance policy; competency of evidence as to character of accident; objection.*—In an action upon an ac. cident insurance policy, where the physician who attended the insured just after his accident, testifies that he found "a good deal of blood in the commode, and there was evidence of bladder hemorrhage," and in answer to a question as to what evidence, he further testified "there was blood in the chamber, and he [the party injured] said it was from the kidneys or bladder," a motion by the defendant to exclude the testimony of the witness about hemorrhage of kidney or bladder is too broad and general, referring to competent as well as incompetent evidence, and is properly overruled.

2. *Same; evidence tending to show bias of witness admissible.*—In an action upon an accident insurance policy, where a physician testifies in behalf of the defendant, it is competent for the plaintiff, on the cross examination of the witness, to show that he was the regularly employed physician of the defendant and also of the railway company against which the insured had made a claim in respect of the same injury involved in the pending suit; such evidence tending to show bias on the part of the witness.

3. *Same; admissibility of evidence as to disability to do regular work.*—In an action upon an accident insurance policy, where the insured was a physician and the claim is that he "was wholly and continuously disabled from transacting any and

every kind of business pertaining to his occupation" as a physician, and it was shown that during the time the insured claimed to be so disabled, he made many prescriptions, testimony that he did not charge for quite a number of the prescriptions so made by him is irrelevant and immaterial to any issue in the case, and is inadmissible.

4. *When general affirmative charge properly refused; new trial.*—In a civil action, when there is evidence in support of the complaint which was sufficient to go to the jury, the general affirmative charge asked by defendant is properly refused; and if there was not a great preponderance of the evidence in favor of the defendant, the verdict of the jury in favor of the plaintiff should not be set aside, and a motion for a new trial is properly refused.

APPEAL from the City Court of Birmingham. Tried before the Hon. H. A. SHARPE.

This was an action instituted by Henry B. Gray, as transferee of Wm. C. Foster, against the Preferred Accident Insurance Company of New York, to recover a sum of money claimed on a policy, whereby the defendant on the 10th day of April, 1895, insured William C. Foster of Birmingham, Alabama, a physician by occupation, against the effects of bodily injury caused solely by external, violent and accidental means, &c.

It was conceded that the policy was in force at the time Dr. Foster claims to have been injured, and the assignment of the claim by Dr. Foster to the plaintiff, Henry B. Gray, was not put in issue by a sworn plea, and no question is raised upon said assignment.

The testimony of Dr. Foster showed that on the night of the 25th of June, 1896, at about 9:30 or 10 o'clock, he received an injury in the city of Birmingham, Alabama, while riding as a passenger on an electric car of the Birmingham Railway & Electric Company, a common carrier of passengers. He testified fully to the circumstances of the injury and its results, but it is not necessary to here repeat his testimony, which is set out at length in the bill of exceptions. His testimony was to the effect that he received a severe injury that prevented his practicing his profession for the months of July, August and September, 1896, as he had theretofore practiced it, that it caused him to be reduced in weight from

220 to 147 pounds in about two months, and that as a result, acting under the advice of his physician, he had to go away from Birmingham to rest and recuperate, and that he did not begin his practice as he had theretofore practiced, until some time in October following. Dr. Foster further testified that as the result of said accident he was unable to do any practice and was totally disabled so far as carrying on his practice was concerned until the latter part of September. That this condition was the direct result of the accident. Upon the cross-examination of Dr. Foster, he was asked whether or not he gave any prescriptions to patients during the months of July, August and September. In answer to this question he answered that he did not.

The plaintiff introduced Dr. John D. S. Davis, a witness in his own behalf, who testified that he was called to see Dr. Foster on the night of the accident; that he found him in bed and his aspect was that of a man in pain and he seemed to be suffering. The defendant moved to exclude this evidence, the court overruled the motion, and the defendant duly excepted. The bill of exceptions contains the following statements: "There was a good deal of blood in the commode and there was evidence of bladder hemorrhage. Counsel for the defendant then asked witness the following question: What kind of evidence? A. There was blood in the chamber, and he said it was from the kidneys or bladder. The defendant moved the court to exclude the testimony about hemorrhage of kidney or bladder. The court overruled the motion to exclude, and the defendant duly excepted." Dr. Davis further testified as to advising Dr. Foster that rest and quiet was the proper treatment for one suffering as he was, and he advised him to go to Lithia Springs, to which place Dr. Foster subsequently went.

The testimony for the defendant tended to show that Dr. Foster was not seriously hurt or disabled by the accident described by him in his testimony; that if the accident occurred Dr. Foster was, after its occurrence, able to attend to his practice and he was seen at different places on the streets in Birmingham after the accident between the months of July and October, 1896,

Dr. Tally, a witness for the defendant, testified, on cross-examination that he was the physician for the defendant company, and that prior to the accident described, Dr. Foster had told him that he had some bladder trouble; that after the accident he told the superintendent of the Birmingham Railway & Electric Company of said conversation with Dr. Foster. Dr. Tally was, during his cross-examination, asked the following question: "Were you connected with that company (the Birmingham Railway & Electric Company)?" The witness answered "yes." The defendant objected to this question, and moved the court to exclude the answer on the ground that it was incompetent, irrelevant and immaterial evidence. The court overruled the objection, and the defendant duly excepted. The witness was then asked whether he knew at the time of telling the superintendent of the Birmingham Railway & Electric Company of said conversation, that Dr. Foster had been hurt on said railway. The defendant objected to this question, because it called for incompetent, irrelevant and immaterial evidence. The court overruled the objection, and the defendant duly excepted.

Upon the introduction of W. J. Adams, a witness for the defendant, he testified that he filled most of the prescriptions written by Dr. Foster. He identified 50 prescriptions written by Dr. Foster and filled by him, bearing date of different times from July 30th to September 26, 1896, and these various prescriptions were introduced in evidence.

Upon the introduction of Dr. Foster as a witness in rebuttal, he testified that he did write some prescriptions while he was confined at his room in the hotel, and upon looking through the prescriptions which had been introduced in evidence, he stated that some of them were for his own use. Dr. Foster was then asked the following question: "Did you make any note or memorandum of these prescriptions, make any charge for them against anybody?" The defendant objected to this question, on the ground that that it called for incompetent, illegal and irrelevant evidence. The court overruled this objection, and the defendant duly excepted. Upon the witness answering that it was his best recollection that

he did not charge for them, the defendant moved the court to exclude said answer, and duly excepted to the court's overruling his motion.

The defendant requested the court to give to the jury the general affirmative charge in its behalf and several other charges, and duly excepted to the court's refusal to give the several charges as asked; but under the opinion on this appeal, it is unnecessary to set out these charges in detail.

Upon the return of a verdict in favor of the plaintiff, the defendant moved the court to grant it a new trial, upon the ground that the verdict was contrary to the law and the evidence, and that the court erred in its rulings to which exceptions were reserved by the defendant, each of said rulings being set out in the motion. This motion was overruled, and the defendant duly excepted.

There was judgment rendered for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, PORTER & WALKER, for appellant.

CABANISS & WEAKLEY, *contra.*—The court did not err in its rulings upon the evidence.—*McLendon v. R. R. Co.*, 63 Ala. 266; *Berney v. Torrey*, 100 Ala. 157; *Prince v. State*, 100 Ala. 144; *Burton v. State*, 107 Ala. 108. The rule is that the latitude allowed for the cross-examination of a witness to test his memory or his bias is within the sound discretion of the trial court, which discretion will not be reviewed on appeal. In other words, it is held in this State that a trial court may, without error, permit a witness on cross-examination to be asked questions in reference to matters not strictly affecting the issues, and hence we say this exception is without merit. To this effect see *Furniture Co. v. Weedon v. Dent*, 108 Ala. 252; *Tobias v. Treist*, 103 Ala. 664; *Noblin v. State*, 100 Ala. 13; *Stoudenmeier v. Williamson*, 29 Ala. 558.

The court erred in refusing to give the several charges requested by the defendant and in denying the motion of the defendant for a new trial.—*R. R. Co. v. Stevens,*

115 Ala. 461; *Cobb v. Malone*, 92 Ala. 630; *Wolcott v. Ins. Co.*, 8 N. Y. Sup. 263; Bliss on Insurance, 723; *Young v. Ins. Co.*, 80 Me. 244; *Turner v. Ins. Co.*, 70 N. W. Rep. 898; *Lobdill v. Aid Asso.*, 71 N. W. Rep, 696; *Hooper v. Ins. Co.*, 5 H. & N. 546; *Sawyer v. U. S. Casualty Co.*, 8 Amer. Law Rep. 233.

McCLELLAN, C. J.—It is not insisted that the evidence of Dr. Davis that there was blood in the commode was inadmissible. The motion to exclude went to this along with the statement of Dr. Foster that the blood came from his kidney or bladder. The motion was too broad.

The several questions put to the witness Tally, as to his connection with the defendant and with the railway company against which Dr. Foster's attorney had made a claim in respect of the injury involved in this case, tended to show his bias, and were proper on cross-examination.

The trial court erred in admitting testimony that Dr. Foster did not charge for the considerable number of prescriptions (about fifty in less than two months) he is shown to have made during the time plaintiff claims that he "was wholly and continuously disabled from transacting any and every kind of business pertaining to his occupation" as a physician. The inquiry was not what he received or charged for the professional work he did, but whether he did it, as showing that he was not disabled to do it. The testimony was plainly immaterial, but well calculated to prejudice the defense with the jury. It should have been excluded.

There was evidence in support of the complaint, and it was sufficient not only to go to the jury but to afford justification here for the refusal of the trial court to grant a new trial. There was no error in the refusal to give the affirmative charge for defendant or in the denial of that motion.

The other charges refused are but repetitions of charges given for the defendant.

Reversed and remanded.